IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY EQUITY LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>TOTAL MORTGAGE SERVICES, LLC,<br>STEVEN SIRMAIAN and DENISE PEACH,<br><br>                Defendants. | C.A. NO. 20-cv-10693 |

## NOTICE OF REMOVAL

Defendants Total Mortgage Services, LLC, Steven Sirmaian, and Denise Peach file this Notice of Removal of the civil action brought against it by Plaintiff Bay Equity LLC to the United States District Court for the District of Massachusetts. Plaintiff previously filed a case against Defendants Total Mortgage Services, LLC and Steven Sirmaian, removed to this Court as Docket No. 20-CV-10454-IT. Following Judge Talwani's dissolution of Plaintiff's existing Temporary Restraining Order from state court, Plaintiff filed a placeholder case against a fraudulently joined Massachusetts resident, voluntarily dismissed its original case, and added Total Mortgage and Sirmaian to its placeholder case to avoid federal jurisdiction. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

### I. INTRODUCTION

1. This action concerns claims by the Plaintiff that Defendants unlawfully and in violation of various covenants solicited Plaintiffs' employees to leave their employment with the Plaintiff in favor of employment with Total Mortgage Services.

2. On March 4, 2020, Plaintiff filed its first Complaint against Total Mortgage Services LLC and Steven Sirmaian in the Superior Court at Middlesex, under Docket No. 2081cv00618C.

3. On March 6, 2020, Defendants total Mortgage Services LLC and Steven Sirmaian removed that case to this Court, docket number 20-CV-10454-IT (the "Prior Federal Case").

4. On or about March 19, 2020, after this Court dissolved its TRO against Defendants Total Mortgage Services LLC and Steven Sirmaian, Plaintiff filed its suit against Defendant Peach in the Superior Court at Middlesex, under Docket No. 2081cv00786, alleging the same actions as its original action against the other Defendants.

5. On or about March 20, 2020, after this Court dissolved its TRO against Defendants Total Mortgage Services LLC and Steven Sirmaian, Plaintiff voluntarily dismissed the Prior Federal Case.

6. On or about March 30, 2020, Plaintiff filed an Amended Complaint adding Defendants Total Mortgage Services LLC and Steven Sirmaian to its new state case against Denise Peach, alleging the same actions as the Prior Federal Case.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the Superior Court and obtained by Defendants are attached hereto, marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

8. Plaintiff's Complaint was filed on March 19, 2020. Therefore, Defendants' Notice of Removal is timely filed within thirty days of their receiving notice of the suit. 28 U.S.C. §1446(b).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

A. **Complete Diversity Exists**.

9. This action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

10. Plaintiff Bay Equity LLC is a limited liability company organized under the laws of California, with a principal place of business in Corte Madera, California.

11. On information and belief, the members of Bay Equity LLC are Casey McGovern, Brett McGovern, and Jon McGovern. The listed address for Casey and Brett McGovern with the Massachusetts Secretary of the Commonwealth is 28 Liberty Ship Way, Suite 2800, Sausalito, California, making the members of Bay Equity LLC citizens of California for purposes of diversity jurisdiction.

12. Total Mortgage Services, LLC is a limited liability company organized under the laws of Connecticut, with a principal place of business in Milford, Connecticut.

13. The members of Total Mortgage Services, LLC are John Walsh and Lisa Walsh, who reside in Orange, Connecticut and are citizens of Connecticut for purposes of diversity jurisdiction.

14. Defendant Steve Sirmaian is an individual residing in Derry, New Hampshire.

15. Defendant Denise Peach is an individual residing in Townsend, Massachussetts. Ms. Peach's inclusion in this lawsuit, however, constitutes fraudulent joinder. There are no allegations specifically addressing Ms. Peach, the allegations against Ms. Peach are all subject to dismissal, and the complaint against her was instituted solely to avoid federal diversity jurisdiction and later add Total Mortgage Services LLC and Mr. Sarmaian after dismissal of the Prior Federal Case.

16. Defendants will be filing a motion to dismiss the claims against Ms. Peach for fraudulent joinder.

17. Because Plaintiff is a citizen of California and Defendants (other than the fraudulently joined Ms. Peach) are citizens of Connecticut and New Hampshire, complete diversity exists and removal is appropriate under 28 U.S.C. §§ 1332 and 1441.

**B.      The Amount in Controversy Exceeds $75,000.00.**

18. The amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). Although Defendants deny that Plaintiff is entitled to recover any amount, and specifically deny that Plaintiff is entitled to any relief in the various forms sought, Plaintiff seeks damages for tortious interference, unfair competition under Mass. Gen. L. c. 93A, civil conspiracy, and misappropriation of trade secrets. Additionally, Plaintiff seeks injunctive relief from the Court, enjoining Defendants' business practices, a remedy which will cause substantially more than $75,000 of damages to Defendants. "Where the Plaintiff seeks equitable relief, the amount-in-controversy requirement for removal based on diversity jurisdiction is 'measured by the value of the object of the litigation.'" *Aliberti v. GMAC Mortg., LLC*, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)).

19. Here, the object of the litigation is the value of Plaintiff's and Defendants' respective businesses, which substantially exceed $75,000. Thus, the value of the object of the litigation exceeds $75,000 under any measurement, and the amount in controversy exceeds the federal jurisdictional minimum. *See* 28 U.S.C. §1332(a).

## IV.     VENUE

20. This action is properly removed to this Court, as Massachusetts constitutes one judicial district. 28 U.S.C. §101.

## V.     ADDITIONAL REQUIREMENTS

21. In accordance with 28 U.S.C. § 1441(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1441 and 1446, Defendants hereby give notice that this action has been removed to this Court.

Dated: April 8, 2020                 TOTAL MORTGAGE SERVICES, LLC,
STEVEN SIRMAIAN, AND DENISE PEACH,

By their attorneys,

*/s/ Ryan M. Cunningham*
Jonathan W. Fitch, BBO #168510
Ryan M. Cunningham, BBO #661440
Jared L. Hubbard, BBO #569132
Malgorzata A. Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
One Beacon Street
Boston, MA 02108
(617) 542-5542
jwf@fitchlp.com
rmc@fitchlp.com
jlh@fitchlp.com
mam@fitchlp.com

**CERTIFICATE OF SERVICE**

I, Ryan M. Cunningham, hereby certify that a true copy of the above document was served upon the counsel of record by first-class mail, postage prepaid, on April 8, 2020.

*/s/ Ryan M. Cunningham*
Ryan M. Cunningham
