IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY EQUITY LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>TOTAL MORTGAGE SERVICES, LLC,<br>STEVEN SIRMAIAN and DENISE PEACH,<br><br>     Defendants. | C.A. NO. 20-cv-10693-IT |

**ANSWER TO PLAINTIFF BAY EQUITY LLC'S AMENDED COMPLAINT**

Defendants Total Mortgage Services, LLC ("Total Mortgage"), Steven Sirmaian ("Sirmaian"), and Denise Peach ("Peach") (collectively, "the Defendants") respond to Plaintiff Bay Equity LLC's ("Bay Equity" or "Plaintiff") complaint, paragraph by paragraph:

**NATURE OF THE ACTION**

1. Denied.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. The allegations in this paragraph contain conclusions and statements of law and therefore no response is required. To the extent a response is necessary, they are denied.

## PARTIES, JURISDICTION, AND VENUE

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

10. Admitted.

11. The Defendants admit that Steven Sirmaian is an individual who worked for Village Mortgage in Portsmouth, New Hampshire. The Defendants admit Steven Sirmaian resides in Derry, New Hampshire. Defendants deny the remaining allegations in the paragraph.

12. The Defendants admit that Denise Peach is an individual who worked for Village Mortgage in Leominster, Massachusetts. The Defendants admit Denise Peach works for Total Mortgage. The Defendants admit Denise Peach resides in Townsend, Massachusetts. Defendants deny the remaining allegations in the paragraph.

13. The allegations in this paragraph contain conclusions and statements of law and therefore no response is required. To the extent a response is necessary, they are denied.

14. The allegations in this paragraph contain conclusions and statements of law and therefore no response is required. To the extent a response is necessary, they are denied.

## FACTUAL BACKGROUND

### Bay Equity

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

### Bay Equity's Confidential Information[1]

---

[1] Defendants use Plaintiff's Complaint headings for the ease and clarity of the Court. Any allegations contained in the following headings and subheadings are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

## Bay Equity's Borrowers and Goodwill

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

27. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

## Bay Equity Effects Limited Asset Purchase of Village, Onboards Village Employees

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

*The Former Employees' Employment at Bay Equity*

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

*The Former Employee's Employment Agreements*

37. Denied.  Plaintiffs do not allege which alleged Former Employees were required to sign employment agreements, and which were not. Moreover, Plaintiffs failed to attach the alleged employment agreements, therefore Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and

therefore deny them.

38. Plaintiffs failed to attach the alleged Employment Agreements; therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

39. Plaintiffs failed to attach the alleged Employment Agreements; therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

40. Plaintiffs failed to attach the alleged Employment Agreements; therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

### Defendant's Early Raids of Village

42. Admitted.

43. Admitted.

44. Denied.

45. Defendants admit that Steven Sirmaian and Denise Peach joined Total Mortgage along with eleven other Village employees on December 31, 2018. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore deny them.

46. Denied.

47. Denied.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

49. Denied.

## Defendants Tortiously Raid Bay Equity

50. Denied.

51. Admitted.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## Total Mortgage Moves Bay Equity's Clients Using Bay Equity's Confidential Information

60. Denied.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and subsections, and therefore deny them. Plaintiffs failed to specifically allege which Total Mortgage employees removed paper files and marketing materials.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

6

67. Denied.

68. Denied.

69. Denied.

**Defendants Spread Misinformation to Damage Bay Equity's Reputation**

70. Denied.

71. Denied.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

74. The allegations in this paragraph contain conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

75. Defendants admit Total Mortgage's Chief Executive Officer, Scott Penner contacted Bay Equity's Chief Executive Officer, Brett McGovern to inquire about taking over Bay Equity's leases in Connecticut. Defendants deny the remaining allegations in the paragraph.

**Harm to Bay Equity**

76. Denied.

77. Denied.

78. Denied.

79. The allegations in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

**COUNT I**

TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
(ALL DEFENDANTS)

80. Defendants repeat and re-allege by reference the responses to paragraphs 1-79 above as if fully set forth herein.

81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as Plaintiff has failed to provide the Employment Agreements in full, and therefore deny them.

82. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as Plaintiff has failed to provide the Employment Agreements in full, and therefore deny them.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT II

TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS
(TOTAL MORTGAGE)

89. Defendants repeat and re-allege by reference the responses to paragraphs 1-88 above as if fully set forth herein.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## COUNT III

MISAPPROPRIATION OF TRADE SECRETS (M.G.L. C 93, S. 42)
(TOTAL MORTGAGE)

95. Defendants repeat and re-allege by reference the responses to paragraphs 1-94 above as if fully set forth herein.

96. The allegations in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

98. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

## COUNT IV

UNFAIR OR DECEPTIVE TRADE PRACTICES (M.G.L. C. 93A, S. 11)
(TOTAL MORTGAGE)

103. Defendants repeat and re-allege by reference the responses to paragraphs 1-102 above as if fully set forth herein.

104. The allegations in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

105. The allegations in this paragraph contain conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

## COUNT V

MISAPPROPRIATION OF TRADE SECRETS (CONN. GEN. STAT. S. 35-50, *ET SEQ.*)
(TOTAL MORTGAGE)

112. Defendants repeat and re-allege by reference the responses to paragraphs 1-111 above as if fully set forth herein.

113. The allegations in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

114. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## COUNT VI

UNFAIR OR DECEPTIVE TRADE PRACTICES (CONN. GEN. STAT. S. 42-110A, *ET SEQ.*)
(TOTAL MORTGAGE)

121. Defendants repeat and re-allege by reference the responses to paragraphs 1-120 above as if fully set forth herein.

122. The allegation in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

123. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore deny them.

124. The allegation in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. The allegation in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

132. The allegation in this paragraph contain statements and conclusions of law and therefore no response is required. To the extent a response is necessary, the allegations are denied.

## COUNT VII

CIVIL CONSPIRACY
(ALL DEFENDANTS)

133. Defendants repeat and re-allege by reference the responses to paragraphs 1-132 above as if fully set forth herein.

134. Denied.

135. Denied.

136. Denied.

## COUNT VIII

UNJUST ENRICHMENT
(ALL DEFENDANTS)

137. Defendants repeat and re-allege by reference the responses to paragraphs 1-136 above as if fully set forth herein.

138. Denied.

139. Denied.

140. Denied.

## Affirmative Defenses

*First*, Plaintiff's Amended Complaint or certain claims therein are barred because they fail to state a claim upon which relief can be granted.

*Second*, Plaintiff's Amended Complaint or certain claims therein are barred because of the doctrines of laches, unclean hands, and/or estoppel.

*Third*, Amended Complaint or certain claims therein are barred because Plaintiff's alleged losses result from their own actions or actions not attributable to the Defendants.

WHEREFORE, Defendants ask that the Court deny Plaintiff's claims in their entirety.

Dated: April 15, 2020

TOTAL MORTGAGE SERVICES, LLC,
STEVEN SIRMAIAN, AND DENISE PEACH,

By their attorneys,

*/s/ Ryan M. Cunningham*
Jonathan W. Fitch, BBO #168510
Ryan M. Cunningham, BBO #661440
Jared L. Hubbard, BBO #569132
Malgorzata A. Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
One Beacon Street
Boston, MA  02108
(617) 542-5542
jwf@fitchlp.com
rmc@fitchlp.com
jlh@fitchlp.com
mam@fitchlp.com

**CERTIFICATE OF SERVICE**

I, Ryan M. Cunningham, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 15, 2020.

                                      */s/ Ryan M. Cunningham*
                                      Ryan M. Cunningham