IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY EQUITY LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>TOTAL MORTGAGE SERVICES, LLC,<br>STEVEN SIRMAIAN, and<br>DENISE PEACH,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. NO. 20-cv-10693-IT<br>)<br>)<br>)<br>)<br>)<br>) |

**DENISE PEACH'S OPPOSITION TO PLAINTIFF'S
MOTION TO EXTEND DEADLINE TO RESPOND TO MOTION TO DISMISS**

    As Plaintiff admits in its Motion to Extend the Deadline, Defendant Denise Peach's ("Peach") Motion to Dismiss is tied up with many of the same issues in Plaintiff's potential Motion to Remand. Indeed, Peach's Motion to Dismiss is based in part on the fraudulent joinder standard, and includes affidavits and testimony showing that she had absolutely nothing whatsoever to do with the allegations contained in Plaintiff's Complaint (none of which even allege that she personally engaged in any specific activity that would constitute the basis of any claims against her). She has in fact been added to this case for the sole purpose of fraudulently attempting to deny this Court jurisdiction, following Plaintiff's original loss before this Court. If Plaintiff believes that it has stated a claim against Peach pursuant to Rule 12(b)(6) and the fraudulent joinder doctrine, then it should have to put those justifications in a timely opposition to Peach's Motion to Dismiss.

    Plaintiff does much to try to confuse the issue of 12(b)(6) review and fraudulent joinder review to argue that it need not even state a claim against Peach in its Complaint. But the reason that a fraudulent joinder review is "more lenient to the plaintiff" than a Rule 12(b)(6) review is that in a fraudulent joinder review the Court must "resolve all . . . ambiguities in the current controlling

substantive law in plaintiff's favor." *Quincy Mut. Fire Ins. Co. v. Vivint Solar Developer, LLC*, No. 17-CV-12343-ADB, 2018 WL 3974820, at *2 (D. Mass. Aug. 20, 2018); *see also Rosbeck v. Corin Grp., PLC*, 140 F. Supp. 3d 197, 203 (D. Mass. 2015) (explaining the reason for this more deferential standard regarding state law in the fraudulent joinder context).[1]  Thus, in certain cases, a plaintiff might "present[] a 'colorable' claim, even if it ultimately may not withstand a motion to dismiss in the state court." *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852–53 (3d Cir. 1992).

But Plaintiff does not even assert that Peach's Motion to Dismiss is based on any legal ambiguity in state law that would need to be interpreted in its favor.  Instead, Peach's Motion is based on the utter failure of Plaintiff's Complaint to make sufficient allegations against Peach, such that the only specific action by Peach alleged in the entire Complaint is that she "has called Caliendo 'evil' to at least one former Village employee."  *See* Memorandum in Support of Motion to Dismiss at 4; Complaint ¶ 47.  That is wholly insufficient to state a claim.  *See Rosbeck*, 140 F. Supp. 3d at 202 ("Clearly, if existing state law squarely precludes a plaintiff's claim against a non-diverse defendant, and such deficiency is 'apparent from the face of the original complaint,' the nondiverse defendant is fraudulently joined.").  If Plaintiff has any reason why it believes such threadbare assertions are sufficient to state a claim against Peach, it should be required to bring forth such reasons now, rather than only following a decision on remand.

Notably, this issue arises in many fraudulent joinder cases, all of which consider the issue of remand alongside the related motion to dismiss, since both issues are clearly tied together.  *See, e.g.*, *In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 321, 326 (D. Mass. 2015) (addressing both motion to remand and motion to dismiss in a single opinion); *Antony v. Duty*

---

[1] The standards are also different in that "the court is not bound by the allegations in the complaint and may consider affidavits and other materials that bear on the question of whether there is a reasonable basis for joinder of a defendant." *In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 321, 333 (D. Mass. 2015) (allowing consideration of "undisputed summary judgment type evidence" for fraudulent joinder).

*Free Americas, Inc.*, 705 F. Supp. 2d 112, 113 (D. Mass. 2010) (same); *Carey v. Bd. of Governors of Kernwood Country Club*, 337 F. Supp. 2d 339, 343 (D. Mass. 2004) (same); *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1 (D. Mass. 2001) (same).

Because both the Motion to Dismiss and Plaintiff's potential Motion to Remand are related and for efficiency reasons should be determined by the Court in a single hearing, Peach respectfully requests that this Court deny Plaintiff's Motion to Extend the Deadline of its Opposition to her Motion to Dismiss.

                                                    Respectfully submitted,

Dated: April 23, 2020               DENISE PEACH,

                                          By their attorneys,

                                          */s/ Jared L. Hubbard*
                                          Jonathan W. Fitch, BBO #168510
                                          Ryan M. Cunningham, BBO #661440
                                          Jared L. Hubbard, BBO #569132
                                          Malgorzata A. Mrózek, BBO #699035
                                          FITCH LAW PARTNERS LLP
                                          One Beacon Street
                                          Boston, MA  02108
                                          (617) 542-5542
                                          jwf@fitchlp.com
                                          rmc@fitchlp.com
                                          jlh@fitchlp.com
                                          mam@fitchlp.com

**CERTIFICATE OF SERVICE**

    I, Jared L. Hubbard, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 23, 2020.

                                              */s/ Jared L. Hubbard*
                                              Jared L. Hubbard