IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY EQUITY LLC, **)** | |
| **)** | |
| Plaintiff, **)** | |
| **)** | |
| v. **)** | |
| **)** | C.A. NO. 20-cv-10693-IT |
| TOTAL MORTGAGE SERVICES, LLC, **)** | |
| STEVEN SIRMAIAN, and **)** | |
| DENISE PEACH, **)** | |
| **)** | |
| Defendants. **)** | |
| **)** | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION TO REMAND**

This Court has before it four separate briefs on the topic of fraudulent joinder.[1]  With the first of these briefs, Denise Peach moved to have herself dismissed on the basis of fraudulent joinder.  Dkt. 13.  She included with her Motion to Dismiss two affidavits that established that she "had no involvement whatsoever in the recruitment of any Bay Equity employees to Total Mortgage."  *See* Affidavit of Denise Peach ("Peach Aff.") at 3, Dkt. 15.[2]

Plaintiff Bay Equity LLC ("Bay Equity") elected not to file any affidavits or evidence in response to these affidavits in either its Opposition to the Motion to Dismiss or in its later-filed Motion for Remand.  Instead, Bay Equity simply asserted that the Court should ignore the affidavits due to there being undefined "factual disputes" with these affidavits.  *See* Opposition to Motion to Dismiss, Dkt. 24 at 2; Memo. in Support of Motion for Remand, Dkt. 21 at 7, n.1.  Because there was no new evidence brought forward by Bay Equity, Defendants' Opposition to the Motion to

---

[1] Denise Peach's Motion to Dismiss for Fraudulent Joinder, Dkt. 13; Bay Equity's Motion to Remand, Dkt. 20; Bay Equity's Opposition to Denise Peach's Motion to Dismiss for Fraudulent Joinder, Dkt. 24, and Defendants' Opposition to the Motion for Remand, Dkt. 25.

[2] Her affidavit is supported by the affidavit of Scott Penner, the Chief Executive Officer of Total Mortgage Services, LLC ("Total Mortgage"), who similarly stated that Ms. Peach was "not involved in the hiring of any former employees of Bay Equity."  *See* Affidavit of Scott Penner ("Penner Aff.") at 3, Dkt. 16.

Remand did not include any new exhibits or affidavits, and instead merely relied on the undisputed evidence and addressed the legal arguments raised by Bay Equity in its papers.

Perhaps realizing its mistake in not filing any evidence with its two earlier briefs, Bay Equity now seeks to include two new affidavits and new arguments into a new reply brief that it could have—and by all rights, should have—included in its Opposition to the Motion to Dismiss or in its Motion for Remand.  By raising these arguments and new evidence only in a reply brief, Bay Equity seeks to deprive the Defendants of their due process right to address or respond to these arguments and evidence.

"It is well-settled that it is generally inappropriate for a moving party to advance new arguments and supporting facts in a reply brief."  *Hilsinger Co. v. Kleen Concepts, LLC*, No. CV 14-14714-FDS, 2017 WL 3841468, at *7 (D. Mass. Sept. 1, 2017).  The reason for this is "to prevent 'sandbagging' of the nonmoving party and to provide opposing counsel the chance to respond."  *Id.*  Bay Equity is already attempting to deny Total Mortgage and Steven Sirmaian their constitutional right to have their case heard in a federal court.  Now it seeks to deny all of the Defendants their right to fairly respond to evidence untimely raised by Bay Equity.[3]

Defendants respectfully request that this Court deny Bay Equity's motion for leave to file a reply brief containing new arguments and supporting facts.  If, however, this Court wishes to allow such a filing, then Defendants respectfully request that they be allowed an opportunity to respond to Bay Equity's late-filed evidence and arguments in a short sur-reply.

---

[3] And based on the affidavits, Defendants would have a strong response to them, considering that one of the affiants states that "I personally do not know the extent of Ms. Peach's involvement in the raids," Affidavit of Laurel Caliendo ¶ 14, while the other merely opines based on "personal experience" that Ms. Peach's affidavit is "untrue," with the only possible evidence supporting such an assertion being that Ms. Peach messaged the affiant (a former co-worker) approximately eight months prior to the February 2020 "raid" to "ask[] how I was doing," Affidavit of Nanci Bunker, ¶¶ 10, 12.

Respectfully submitted,

Dated: May 19, 2020              TOTAL MORTGAGE SERVICES, INC.,
STEVEN SIRMAIAN, and
DENISE PEACH,

By their attorneys,

*/s/ Jared L. Hubbard*
Jonathan W. Fitch, BBO #168510
Ryan M. Cunningham, BBO #661440
Jared L. Hubbard, BBO #569132
Malgorzata A. Mrózek, BBO #699035
FITCH LAW PARTNERS LLP
One Beacon Street
Boston, MA  02108
(617) 542-5542
jwf@fitchlp.com
rmc@fitchlp.com
jlh@fitchlp.com
mam@fitchlp.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jared L. Hubbard, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 19, 2020.

*/s/ Jared L. Hubbard*
Jared L. Hubbard
