# Exhibit I

**From:** William Cosmas wcosmas@cosmaslaw.com
**Subject:** Bay Equity v. Total Mortgage - Subpoenas to Marc Nathan
**Date:** August 5, 2021 at 10:59 AM
**To:** Stephen Riden sriden@beckreed.com
**Cc:** Jared L. Hubbard jlh@fitchlp.com



Steve –

I was disappointed to learn that last Wednesday morning (July 28), my client, Marc Nathan, received the attached text message from Alyssa Caliendo, who I understand to be a Bay Equity employee and an attorney licensed to practice in California. Based on my investigation of the underlying facts, Ms. Caliendo's allegations in the attached message are untrue and borderline defamatory. Respectfully, I would ask that you instruct your client and its employees to refrain from further harassment of my clients.

As you know, Bay Equity and Total Mortgage now both operate offices at 65 LaSalle Road in West Hartford, CT ("65 LaSalle"). Mr. Nathan, along with some of my other clients, works at the Total Mortgage office at 65 LaSalle. I understand that Bay Equity held a promotional event on July 27 in the 65 LaSalle parking lot, which included an ice cream truck parked in the lot on the southerly side of 65 LaSalle. During that event, Mr. Nathan and 1-2 of his colleagues waited on a public sidewalk, to the south of the entrance to 65 LaSalle and parallel to the 65 LaSalle parking lot (and therefore the Bay Equity event), for another colleague to join them before walking to a previously-planned dinner at a restaurant about a block to the south of 65 LaSalle. Neither Mr. Nathan nor his colleagues attended, walked through, or intended to "stan[d] in the shadows" of the Bay Equity event. Their presence on the public sidewalk was entirely coincidental. None of them did anything to disrupt or interfere with the Bay Equity event (Ms. Caliendo does not allege that they did in the text) – they merely waited, politely, and on public property, for a colleague to emerge from 65 LaSalle and join them.

Mr. Nathan also categorically denies disparaging Ms. Caliendo to her co-workers or "anyone else in the industry," including but not limited to "speculating or inquiring about [her] personal life." Mr. Nathan has no idea where Ms. Caliendo's allegations come from and requests that she cease and desist from spreading any sort of potentially defamatory claims – including but not limited to those contained in her text message – concerning Mr. Nathan moving forward. To the extent such allegations arise in the context of the litigation between Total Mortgage and Bay Equity, that is where they should stay.

Given that pending litigation, I understand and appreciate that your client may have a different perspective on what transpired on July 27, **but I'm less concerned about an argument concerning those facts than with the situation moving forward.** As you know, I have a number of clients who work for Total Mortgage at 65 LaSalle and therefore almost certainly will end up running into Bay Equity employees in the normal, daily course of going to and from work, whether in the parking lot, in the elevator, or otherwise. **I have instructed – and will continue to instruct – my clients not to engage with any Bay Equity employees at 65 LaSalle for the duration of the litigation. Respectfully, I would ask for you to do the same for Bay Equity employees concerning my clients.**

It would be unfair for my clients – who are non-party, individual Rule 45 witnesses in the litigation – to live under the apprehension that every chance encounter with a Bay Equity employee at 65 LaSalle will generate text messages like the attached – or any other materials – apparently (a) connected to the litigation between the companies or (b) otherwise intended to harass. Moreover, to the extent that, despite our best efforts, there end up being incidents at 65 LaSalle between Bay Equity employees and Total Mortgage employees (including but not limited to my clients), I suggest that the better policy is to funnel any related complaints through counsel for resolution than for text messages and accusations to be flying around between individuals. I have copied counsel for Total Mortgage on this e-mail for that purpose.

I'd be happy to discuss anything related to the above at your convenience.

Thanks,

Will

Wm



**WILLIAM G. COSMAS, JR.**
Cosmas Law LLC

900 Cummings Center • Suite 210U
Beverly, MA 01915
978.338.6343
wcosmas@cosmaslaw.com

cosmaslaw.com

This message and any files transmitted with it are subject to attorney-client privilege and contain confidential information intended only for the person(s) to whom this email message is addressed. If you are not an intended recipient, you are hereby advised that any disclosure, copying, distribution or use of the contents of this message is strictly prohibited. If you have received this e-mail message in error, please notify the sender immediately by telephone or e-mail and immediately destroy all copies of the original message and any attachments. Thank you.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

5:46





Alyssa >

iMessage
Today 9:35 AM

> Hi Marc! Alyssa Caliendo with Bay. Was surprised to see you at our event yesterday. Was even more surprised to hear that you were talking to my co-workers about me. It's wholly inappropriate and demeaning, but you already know that. I don't expect to hear about you speaking to any of my co-workers about me again & I certainly hope I don't hear about you speaking to anyone else in the industry about me either. The only thing arguably more creepy than

older men standing in the shadows of a community event where we're passing out ice cream and balloons to people is older men speculating or inquiring about a younger woman's personal life.

